UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| CATHERINE DYAS, ET AL. | CIVIL ACTION NO. 16-1607 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

_____

## MEMORANDUM RULING

Before the Court are three motions to dismiss filed by Defendants. The first was filed by the City of Shreveport ("the City"), the second filed by Caddo Parish ("the Parish"), and the third by Defendants Shreve Memorial Library ("the Library"), John Tuggle, Jennie Paxton, Chris Kirkley, Bandana Mukherjee, and Deonci Sutton. Record Documents 15, 17, and 26. Plaintiffs Catherine Dyas, Pamela Charles, and Tiffany Snyder allege that they were subjected to sexual harassment and racial discrimination creating a hostile work environment, and retaliated against for their attempts to report harassing and discriminatory conduct, in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, Louisiana Civil Code article 2315, and Louisiana Revised Statutes §§ 23:331 and 42:1169. Record Document 21.

For the reasons discussed below, the City of Shreveport's motion to dismiss [Record Document 15] is **GRANTED** and Caddo Parish's motion to dismiss [Record Document 17] is **GRANTED**, and all of Plaintiffs' claims against the City and the Parish are **DISMISSED with prejudice.** The motion to dismiss filed by the Library, John

Tuggle, Jennie Paxton, Chris Kirkley, Bandana Mukherjee, and Deonci Sutton [Record Document 26] is **GRANTED**. Plaintiffs' claims under Title VII, La. R.S. § 23:332, 42 U.S.C. § 1981 and La. R.S. § 42:1169 against the individual defendants are **DISMISSED with prejudice** and Plaintiff's claims under 42 U.S.C. § 1981 and La. R.S. § 42:1169 against the Library are **DISMISSED with prejudice**.[1]

## I. Background

Plaintiffs, all black women, are employees of the Library. Record Document 21. They all worked at the Hamilton/South Caddo Branch of the Library. Id., p. 2. The Library is a government agency jointly funded by the City and the Parish. Record Documents 21, pp. 3-4; 31, p. 2; La. R.S. § 25:215(A). Both the Mayor of Shreveport and the Chairman of the Caddo Parish Commission appoint members of the Board of Control, which governs the Library, and both the City and the Parish provide funding for the Library. Id.

Plaintiffs allege that over the course of several years, they were sexually harassed at work by the Hamilton/South Caddo Branch Manager, Chris Kirkley, who is white. Record Document 21, pp. 10-16. They also allege that they were discriminated against because of their race, and that both the racial discrimination and the sexual harassment created a hostile work environment. Record Document 21, p. 16. Further, they complain that when they attempted to report the harassment and discrimination to

---

[1] Plaintiff's claims against the individual defendants under §§ 1983, 1985, and 1986 and Louisiana Civil Code article 2315 remain. Plaintiff's claims against the Library under Title VII, La. R.S. § 23:331, §§ 1983, 1985, and 1986, and Louisiana Civil Code article 2315 likewise remain, as do all of Plaintiff's claims against the members of the Library Board of Control.

various individuals at the Library, they were retaliated against by being transferred to less desirable jobs within the Library system. Record Document 21, pp. 21-29. Based on these events, they brought claims against the Library, several individual Library employees, the City, and the Parish under Title VII, 42 U.S.C. §§ 1981, 1983, 1985, 1986, the Louisiana employment discrimination law (Louisiana Revised Statute § 23:332), the Louisiana Code of Government Ethics whistleblower statute (La. R.S. § 42:1169), and Louisiana Civil Code article 2315.

## II. Discussion

Plaintiffs' amended complaint alleges sexual harassment creating a hostile work environment, racial discrimination creating a hostile work environment, and retaliation for reporting these claims in violation of Title VII and the Louisiana Employment Discrimination Law. Plaintiffs also allege claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. They do not specify which claims are alleged against which Defendants. The City and the Parish both moved to dismiss all of the claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Record Documents 15 and 17. The individual Library employee Defendants moved to dismiss the Title VII, 42 U.S.C. § 1981, and La. R.S. §§ 23:332 and 42:1169 claims against them for failure to state a claim. Record Document 26. The Library also moved to dismiss the 42 U.S.C. § 1981 and La. R.S. § 42:1169 claims against it for failure to state a claim. Record Document 26.

A. The Amended Complaint

Plaintiffs filed their complaint in late 2016, and the City and the Parish moved to dismiss in early 2017. Record Documents 15, 17. Plaintiffs subsequently filed an amended complaint. Record Document 21. The only difference between the original complaint and the amended complaint is the addition of the names of members of the Library Board of Control, who had previously not been identified by name. Record Documents 1 and 21.

An amended complaint supersedes the original complaint. See 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed.) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Because the claims contained in the amended complaint are identical to those asserted in the original complaint, the Court nevertheless interprets the City's and the Parish's motions to dismiss as directed at the amended complaint.

B. Standard of Review

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. The court must accept as true all of the factual allegations in the complaint in

determining whether plaintiff has stated a plausible claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

C. Claims Against The City and The Parish

The City and the Parish both moved to dismiss all of the claims against them under Rule 12(b)(6) for failure to state a claim. Record Documents 15 and 17. Each claim is discussed in turn.

i. *Title VII Claims*

The City and the Parish both argue that Plaintiffs cannot bring suit against them under Title VII because they are not Plaintiffs' employer. Title VII permits suit by an employee against her employer for discrimination. 42 U.S.C. § 2000e-2 et seq. Title VII defines "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees...." § 2000e(b). The complaint alleges that Plaintiffs are "employed by Shreve Memorial Library," which is "an independent agency funded by the City of Shreveport and Caddo Parish." Record Document 21, p. 2. Plaintiffs' opposition to the motions to dismiss likewise restates that Plaintiffs "work for and are employed by the Shreve Memorial Library." Record Document 31, p.1. Plaintiffs further allege that the Library is jointly funded by the City and the Parish, and governed by the Board of Control, whose members are appointed both by the Mayor of Shreveport and

the Chairman of the Caddo Parish Commission and include both the Mayor and the Chairman themselves. Record Documents 21, pp. 3-4; 31, p. 2. On these points, the City and the Parish do not disagree. Record Document 15, pp. 7-9.

Plaintiffs argue that because the City and the Parish appoint board members and provide funding to the Library, this makes those entities their employer. Plaintiffs offer no law on this point. The City uses the same fact to argue that they are not Plaintiffs' employer, pointing to Louisiana Revised Statute § 25:215(A), which grants to the Board of Control the authority "to elect and employ a librarian, and . . . to employ assistant librarians and other employees and fix their salaries and compensation." The parties agree that the Library is Plaintiffs' employer. The question is whether the City and the Parish can also be considered their employer.

In some cases, separate entities may be considered sufficiently interrelated to allow an employee to bring a Title VII claim against both entities. Trevino v. Celanese Corp., 701 F.2d 397, 403 (5th Cir. 1983). These separate entities may both be liable if they are "a single, integrated enterprise: a single employer." Id. at 404. This is known as the integrated enterprise theory. The factors that courts consider when determining whether two entities are an integrated enterprise are: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Id. This is often a fact-intensive inquiry.

However, the Fifth Circuit has declined to apply the integrated enterprise theory when one of the entities is a government unit. In Trevino, the Fifth Circuit observed in

a footnote that "the [integrated enterprise] standard is not readily applicable to governmental subdivisions." Id. at 404 n.10. This suggestion has been restated many times, although in language a little shy of a bright-line rule. In one case, the Fifth Circuit observed that "our prior case law suggests that a government employer . . . may not be considered part of an integrated enterprise under the Trevino framework." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 344 (5th Cir. 2007). The court held that "accordingly," the district court had not erred in declining to find that a non-profit and a government entity were not an integrated enterprise. Id. In another case, an employee brought Title VII claims against the medical school where he was employed as a resident and the government unit operating the hospital where he worked. Karagounis v. Univ. of Texas Health Sci. Ctr., 168 F.3d 485 (5th Cir. Jan. 5, 1999) (unpublished). The district court dismissed the claim against the local government subdivision, reasoning that it was not an employer, and the Fifth Circuit affirmed. Id.; see Garrett-Woodberry v. Miss. Bd. of Pharmacy, 300 Fed App'x 289, 291 (5th Cir. 2008) ("it seems clear that the 'single employer' test should not be applied here, as the Board is a state agency and is thus a governmental subdivision") (unpublished). Although the Fifth Circuit's language is somewhat tepid, the court has time and again affirmed decisions declining to apply the integrated enterprise theory when one of the entities is governmental.

In this case, Plaintiffs argue, albeit without citation to authority, that because the City and the Parish help to fund the Library, and the Mayor and the Chairman of the

Parish Commission appoint members of the Library's Board of Control, the City, the Parish and the Library are sufficiently intertwined to constitute a single employer. The Fifth Circuit has not allowed such a definition of "employer" when one entity is a governmental unit, as both the City and the Parish certainly are here. Plaintiffs themselves acknowledge that they are employed by the Library, and that all of the conduct complained of was committed by other employees of the Library. Taking all of Plaintiffs' allegations to be true, as the Court must at this stage, Plaintiffs have only alleged that the Library is their employer and have not and cannot state a claim against the City or the Parish. Plaintiffs' Title VII claims against the City and the Parish must therefore be **DISMISSED with prejudice**.

   ii. *42 U.S.C. §§ 1981 and 1983*

  Plaintiffs also bring a claim against the City under section 1981. Record Document 21, p. 1. Section 1981 prohibits racial discrimination in contracting. 42 U.S.C. § 1981. Section 1981 grants a right of action against private actors, but not against local government entities. <u>Oden v. Oktibbeha Cty.</u>, 246 F.3d 458, 463 (5th Cir. 2001) ("Subsection (c) [of section 1981] does not expressly create a remedial cause of action against local government entities."). The only provision allowing for a claim against a government entity for violation of the rights protected by section 1981 is section 1983. <u>Id.</u>; <u>Jett v. Dallas Ind. Sch. Dist.</u>, 491 U.S. 701, 731 (2001) ("We hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal

damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."). Thus, Plaintiffs can have no stand-alone claim against the City or the Parish under section 1981.

A municipality may be liable under section 1983 when an action taken pursuant to an official policy causes a constitutional harm. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). A municipality may not, however, be vicariously liable for the actions of its employees. Id.; see Peterson v. City of Fort Worth, 588 F.3d 838, 847 (5th Cir. 2009) ("It is well-established that a city is not liable under § 1983 on the theory of respondeat superior."). To establish liability under section 1983, a plaintiff must show that: "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." Peterson, 588 F.3d at 847.

Plaintiffs have not alleged any official policy of the City or of the Parish at all, let alone that there was a policy promulgated by a City or Parish policymaker that was the moving force behind the violation of their constitutional rights. There is simply no allegation, not even a threadbare recital, of any policy that exists in the City or the Parish. Plaintiffs have not stated a claim against the City or the Parish under section 1983. Their claims under both section 1981 and section 1983 must therefore be **DISMISSED with prejudice**.

    iii. *42 U.S.C. §§ 1985, 1986*

Plaintiffs allege a claim against the City under section 1985 for civil conspiracy. Record Document 21. Section 1985 has three subsections. Plaintiffs do not identify the

subsection under which their claim is brought, nor do they oppose the dismissal of this claim against the City and the Parish. Record Document 31. Subsection (1) prohibits conspiracy to prevent an official from performing her duty, subsection (2) prohibits conspiracy to obstruct justice or intimidate a party, witness, or juror, and subsection (3) prohibits conspiracy to deprive a person of certain civil rights. Suttles v. United States Post Office, 927 F. Supp. 990, 1000 (S.D. Tex. 1996). It appears most likely that Plaintiffs' claim is alleged under subsection (3).

In order to state a claim for a conspiracy under § 1985(3), a plaintiff must allege "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States," and (5) that the conspiracy was motivated by some class-based animus. Hilliard v. Ferguson, 30 F.3d 649, 652-53 (5th Cir. 1994). Plaintiffs have alleged no element of conspiracy as to the City or the Parish. They have not alleged the existence of a conspiracy that included the City or the Parish (the word "conspiracy" appears only once in Plaintiffs' complaint – in the prayer for relief), nor any act in furtherance of the conspiracy. Plaintiffs have not stated a claim under section 1985, and this claim must therefore be **DISMISSED with prejudice**.

Section 1986 is a corollary provision to section 1985, providing a cause of action against a person who has knowledge of a conspiracy under section 1985 and the power

to prevent it, but fails to do so. 42 U.S.C. § 1986. It would be impossible to hold someone liable for failure to stop a conspiracy that does not exist. Galloway v. Louisiana, 817 F.2d 1154, 1159 n.2 (5th Cir. 1987) ("In the absence of a claim under section 1985, [the plaintiff] obviously cannot sustain a claim under section 1986."). Plaintiffs' section 1986 claim against both the City and the Parish must be **DISMISSED with prejudice**.

        iv. *State Law Claims*

Finally, Plaintiffs allege three state law claims against the City: employment discrimination under La. R.S. § 23:332, retaliation under La. R.S. § 42:1169, and negligence under Louisiana civil code article 2315.

Louisiana prohibits intentional discrimination by an employer on the basis of race, color, religion, sex, or national origin. La. R.S. § 23:332(A). In the same chapter of the Louisiana Revised Statutes, "employer" is defined as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee" and who employs twenty or more employees. La. R.S. § 23:302(2). Courts have found that this definition controls and that the analysis for interpreting "employer" under Title VII, including the integrated enterprise analysis, is inapplicable. Langley v. Pinkerton's Inc., 220 F. Supp. 2d 575, 580-81 (M.D. La. 2002) ("Because the term 'employer' is precisely defined by the Louisiana Employment Discrimination Law to require receipt of services by the

employee in exchange for compensation to him, the analysis for interpreting the term 'employer' under Title VII is inapplicable.").

Therefore, in order to state a claim against the City and the Parish under Louisiana's employment discrimination law, Plaintiffs must allege that the City and the Parish receive services from them as employees and give them compensation. Plaintiffs make no such allegations. As discussed above, Plaintiffs allege only that the Library is their employer, and they do not allege that they provide services for the City or the Parish, nor do they allege that they receive compensation from the City or the Parish. Therefore, Plaintiffs have failed to state a claim for intentional employment discrimination under Louisiana law, and this claim against both the City and the Parish must be **DISMISSED with prejudice.**

Louisiana's Code of Government Ethics also prohibits a public employer from retaliating against an employee who reports a violation of law. La. R.S. § 42:1169(A). Specifically, this whistleblower statute protects employees who report violations of the Code of Government Ethics. Goldsby v. Louisiana, et al., 2003-0343 (La. App. 1 Cir. 11/7/03); 861 So. 2d 236. However, this section gives employees a recourse to the Board of Ethics, but it does not provide an independent cause of action. Id.; Collins v. State ex rel. Dep't of Nat. Res., 2012-1031 (La. App. 1 Cir. 5/30/13); 118 So. 3d 43 (holding that section 42:1169 "does not provide an independent right of action"). Therefore, Plaintiffs' section 42:1169 claim against the City and the Parish must be **DISMISSED with prejudice**.

Finally, Louisiana Civil Code article 2315 is the general tort provision of the code. "Article 2315 does not create liability for employment discrimination." Hornsby v. Enterprise Transp. Co., 987 F. Supp. 512, 515 (M.D. La. 1997). As Plaintiff has articulated no other basis for liability under article 2315, this claim against both the City and the Parish must be **DISMISSED with prejudice**.

D. <u>Claims Against The Individual Defendants</u>

Some of the individual defendants – John Tuggle, Jennie Paxton, Chris Kirkley, Bandana Mukherjee, and Deonci Sutton – moved to dismiss Plaintiffs' Title VII, 42 U.S.C. § 1981, and La. R.S. §§ 23:332 and 42:1169 claims for failure to state a claim. Record Document 26.

i. *Title VII*

The individual defendants argue that Plaintiffs cannot state a claim against them under Title VII because they are not Plaintiffs' employer. Record Document 26-1, p. 5. Plaintiffs brought their claims against the individual defendants in their individual and official capacities. Record Document 21, p. 2. Title VII allows suits against an employer, defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e-2 et seq. An agent of an employer can include immediate supervisors when they have been "delegated the employer's traditional rights, such as hiring and firing." <u>Harvey v. Blake</u>, 913 F.2d 226, 227 (5th Cir. 1990). However, any liability of a supervisor as an agent of an employer is against that supervisor in her official capacity only, not her individual

capacity. Id. ("Because [the supervisor's] liability under Title VII is premised upon her role as agent of the city, any recovery to be had must be against her in her official, not her individual, capacity."). Because a claim against a supervisor may be brought against a supervisor only in her official capacity, a Title VII claim against a supervisor is functionally a respondeat superior suit against the employer itself, and is redundant. Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999) ("[A] Title VII suit against an employee is actually a suit against the corporation."). Moreover, the Fifth Circuit has consistently held that a plaintiff cannot bring Title VII claims against both an employer and its agent. Id.; Smith v. Amedisys Inc., 298 F.3d 434, 449 (5th Cir. 2002) ("[A] plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity."). Plaintiffs allege that John Tuggle, Jennie Paxton, Chris Kirkley, Bandana Mukherjee, and Deonci Sutton are all employees and agents of the Library. Record Document 21, p. 2. Plaintiffs may not maintain claims against these defendants in their individual capacities. Moreover, Plaintiffs may not maintain their Title VII claims against both these defendants in their official capacity as agents of the Library and against the Library, and so the claims against the individual defendants must be **DISMISSED with prejudice**.

      ii. *La. R.S. § 23:332*

The individual defendants also argue that they are not Plaintiffs' "employer" within the meaning of Louisiana's employment discrimination law, La. R.S. § 23:332. As discussed above, under that statute, and employer is defined as "a person, association,

legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee" and who employs twenty or more employees. La. R.S. § 23:302(2). "Louisiana employment discrimination laws do not expose co-employees or supervisors to liability." <u>Aronzon v. Southwest Airlines</u>, 2004 WL 57079, at *5 (E.D. La. Jan. 9, 2004); <u>see</u> <u>Minnis v. Bd. of Supervisors</u>, 972 F. Supp. 2d 878, 890 (M.D. La. Sept. 18, 2013) (dismissing supervisors who were agents of the employer and therefore "not subject to suit under Louisiana Employment Discrimination laws"). Plaintiffs cannot state a claim against the individual defendants under La. R.S. § 23:332 and those claims must be **DISMISSED with prejudice**.

   iii. *Section 1981*

Section 1981 prohibits racial discrimination with regard only to specific enumerated activities: "to make and enforce contracts, to sue, be parties, give evidence." 42 U.S.C. § 1981(a). To state a claim under section 1981 against the individual defendants, Plaintiffs must specifically allege how each of the individual defendants has racially discriminated against them with respect to one of the protected rights. Plaintiffs have made no such allegation as to any of the individual defendants. Plaintiffs have not alleged the existence of a contract with any of the individual defendants, nor have they alleged they were unable to sue, be parties, give evidence, or were in any other way discriminated against on the basis of race in an activity protected by section 1981. Therefore, Plaintiffs have failed to state a claim against any

of the individual defendants under section 1981 and these claims must be **DISMISSED with prejudice**.

        iv. *La. R.S. § 42:1169*

As discussed above, La R.S. § 42:1169 does not provide a independent cause of action in the courts for enforcement of the Code of Government Ethics. Therefore, Plaintiffs may not bring such a claim in this Court against the individual defendants. Plaintiffs' section 42:1169 claim against the individual defendants is **DISMISSED with prejudice**.

    E. Claims Against the Library

The Library moved to dismiss some of the claims against it under Rule 12(b)(6). Record Document 26. The Library contends that Plaintiffs have not stated a claim under section 1981 or Louisiana Revised Statute § 42:1169.

As discussed above, section 1981 does not permit claims against a local government entity. Plaintiffs agree that the Library is a local government entity, created by statute and funded by the City and the Parish. La. R.S. § 25:211 et seq.; Record Document 31, p. 1. Plaintiffs cannot bring a claim under section 1981 against the Library, and that claim must therefore be **DISMISSED with prejudice**.

Also as discussed above, La R.S. § 42:1169 does not provide a independent cause of action in the courts for enforcement of the Code of Government Ethics. Therefore, Plaintiffs may not bring such a claim in this Court against the Library. Plaintiffs' section 42:1169 claim against the Library is **DISMISSED with prejudice**.

## III. Conclusion

For the reasons discussed above, the City of Shreveport's motion to dismiss [Record Document 15] is **GRANTED** and Caddo Parish's motion to dismiss [Record Document 17] is **GRANTED**, and all of Plaintiffs' claims against the City and the Parish are **DISMISSED with prejudice.** The motion to dismiss by the Library, John Tuggle, Jennie Paxton, Chris Kirkley, Bandana Mukherjee, and Deonci Sutton [Record Document 26] is **GRANTED**. Plaintiffs' claims under Title VII, La. R.S. § 23:332, 42 U.S.C. § 1981 and La. R.S. § 42:1169 against the individual defendants are **DISMISSED with prejudice.** Plaintiff's claims under 42 U.S.C. § 1981 and La. R.S. § 42:1169 against the Library are **DISMISSED with prejudice**.

Plaintiff's claims against the individual defendants under §§ 1983, 1985, and 1986 and Louisiana Civil Code article 2315 remain. Plaintiff's claims against the Library under Title VII, La. R.S. § 23:331, §§ 1983, 1985, and 1986, and Louisiana Civil Code article 2315 likewise remain, as do all of Plaintiff's claims against the members of the Library Board of Control.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this _25th_ day of August, 2017.

Elizabeth Erny Foote
United States District Judge