UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CATHERINE DYAS, ET AL. | CIVIL ACTION NO. 16-1607 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss [Record Document 68] filed by members of the Shreve Memorial Library Board of Control (collectively "Board Members"). Those Board Members are Josephine Babers Wade, Hope J. Batts, Julia H. Gahagan, Deloris Lynch, Dottie Howard Bell, Thomas M. Tebbe, Neil Johnson, II, and Shannon L. Hicks. Plaintiffs Catherine Dyas, Pamela Charles, and Tiffany Snyder allege that they were subjected to sexual harassment and racial discrimination creating a hostile work environment, and retaliated against for their attempts to report harassing and discriminatory conduct, in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, Louisiana Civil Code article 2315, and Louisiana Revised Statutes §§ 23:331 and 42:1169. Record Document 62.

For the reasons discussed below, the Motion to Dismiss filed by the Board Members [Record Document 68] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** as to Plaintiffs' claims against the Board Members under 42 U.S.C. §§ 1981 and 1985, Louisiana Civil Code article 2315, La. R.S. § 42:1169, and as to any procedural due process claim under 42 U.S.C. § 1983. It is further **GRANTED** as to Plaintiffs' claims against the

Board Members in their individual capacities under Title VII and the Louisiana Employment Discrimination Law, La. R.S. § 23:301 et seq. These claims are hereby **DISMISSED**. The motion is **DENIED** as to all other claims.

## I. Background

Plaintiffs, all black women, are employees of the Shreve Memorial Library ("the Library"). Record Document 62. They all worked at the Hamilton/South Caddo Branch of the Library. Id. at 3. The Library is jointly funded by the City of Shreveport ("the City") and Caddo Parish ("the Parish"). Record Documents 62, pp. 3-5; La. R.S. § 25:215(A); § 25:217(B). Both the Mayor of Shreveport and the Caddo Parish Commission appoint members to the Board of Control, which governs the Library, and both the City and the Parish provide funding for the Library. Id.; La. R.S. § 25:214; Record Document 31, pp. 1-7.

Plaintiffs allege that over the course of several years, they were sexually harassed at work by the Hamilton/South Caddo Branch Manager, Chris Kirkley, who is white. Record Document 62, pp. 10-16. They also allege they were discriminated against because of their race, and that both the racial discrimination and the sexual harassment created a hostile work environment. Id. at 16. Further, they complain that when they attempted to report the harassment and discrimination to various individuals at the Library, they were retaliated against by being transferred to less desirable jobs within the Library system. Id. at 21-29. Based on these events, they brought claims against the Library, several individual Library employees, the City, the Parish, and members of the Shreve Memorial Library Board of

Control.

Plaintiffs' amended complaint alleges sexual harassment creating a hostile work environment, racial discrimination creating a hostile work environment, and retaliation for reporting these claims in violation of Title VII and the Louisiana Employment Discrimination Law (specifically, La. R.S. § 23:332). Plaintiffs also bring claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the Louisiana Code of Government Ethics Whistleblower Statute (La. R.S. § 42:1169), and Louisiana Civil Code article 2315.

This Court previously issued a Memorandum Ruling [Record Document 58] on three motions to dismiss filed by the City, the Parish, the Library, and individual Library employees [Record Documents 15, 17, & 26]. The following claims remain after ruling on the motions: Plaintiffs' claims against the individual Library employees under §§ 1983, 1985, and 1986 and Louisiana Civil Code article 2315; Plaintiffs' claims against the Library under Title VII, La. R.S. § 23:332, §§ 1983, 1985, and 1986, and Louisiana Civil Code article 2315; and all of Plaintiffs' claims against the Board Members.

## II. Discussion

Eight Board Members move to dismiss all claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Record Document 68.

A. <u>Standard of Review</u>

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. The court must accept as true all of the factual allegations in the complaint in determining whether a plaintiff has stated a plausible claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

B. Title VII and La. R.S. §§ 23:332 and 42:1169

The Board Members adopt the legal arguments made by the individual Library employees (John Tuggle, Jennie Paxton, Chris Kirkley, Bandana Mukherjee, and Deonci Sutton) in their motion to dismiss and associated briefing [Record Documents 26, 26-1] as it relates to Plaintiffs' claims under Title VII and La. R.S. §§ 23:332 and 42:1169. Record Document 68-2, pp. 11-13.

i. *Title VII*

Title VII permits suit by an employee against her employer for discrimination. See 42 U.S.C. § 2000e-2. "Only 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under title VII." Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994). Plaintiffs appear to acknowledge that there is no individual liability for the Board Members under Title VII. See Record Document 56, p. 11 (quoting McKneely v. Zachary Police Dep't, No. CIV.A. 12-354-SDD,

2013 WL 4585160, at *5 (M.D. La. Aug. 28, 2013)); see also Rhyce v. Martin, 173 F. Supp. 2d 521, 528 (E.D. La. 2001). Thus, any liability under Title VII could only be through the Board Members' status as agents of the Board itself, as in their official capacity. See Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998). And while the definition of "employer" under Title VII includes "any agent" of an employer, this is merely intended to incorporate respondeat superior liability into Title VII. Id. (citing Miller v. Maxwell's Int'l Inc., 991 F.2d 583 (9th Cir. 1993)); Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999) (noting that "a Title VII suit against an employee is actually a suit against the corporation"). Accordingly, Plaintiffs' claims against the Board Members in their individual capacities under Title VII are appropriately **DISMISSED**, and the Court need only consider whether the Board Members in their official capacity as agents of the Board could be considered Plaintiffs' employer for Title VII purposes.

The Board Members argue that Plaintiffs cannot state a claim against them under Title VII because they are not Plaintiffs' employer. See Record Document 26-1, pp. 5-6; 54, pp. 2-3; 57, pp. 2-3. Instead, the Board Members contend the Library is Plaintiffs' admitted employer.[1] See Record Document 25, p. 3. It is undisputed that Plaintiffs were employees of the Library; however, Plaintiffs also contend that the Board of Control is liable under Title VII as their employer. Similarly, in Plaintiffs' Second Amended Complaint they argue that the Board, as the entity that governs the Library and establishes policies, rules, and regulations for Library employees, may be appropriately considered their employer.

---

[1] The Library has answered Plaintiffs' complaint, admitted that Plaintiffs were employees of the Library, and did not raise capacity as a defense. Record Document 25.

Plaintiffs further reiterate their concern that the Library may not be a juridical person. Record Document 62, pp. 35-36.

The Court understands this issue to involve both (1) whether the Board of Control is the proper entity to be named as a defendant for suits against the Library, and (2) whether the Library and the Board of Control might somehow be considered joint employers. As noted by other courts, this can be a fact-intensive inquiry, see, e.g., Griffith v. City of New Orleans, No. CIV.A. 11-245, 2013 WL 322118, at *2 (E.D. La. Jan. 28, 2013), and this Court has found sources of authority weighing in favor of both parties' positions. See La. R.S. § 25:215(A) (providing that a library board of control shall have authority to employ assistant librarians and fix their salaries and compensation); La. Att'y Gen. Op. No. 83-766 (Nov. 7, 1983), 1983 WL 217478, at *2 (noting a lack of authority for a library board of control to sue or be sued). The Court thus finds that there are issues of fact that preclude resolution of this matter at this time. Accordingly, Defendants' motion is denied as to Plaintiffs' Title VII claims against the Board Members in their official capacities.

    ii. *La. R.S. § 23:332*

The Board Members also argue that they are not Plaintiffs' employer within the meaning of the Louisiana Employment Discrimination Law ("LEDL"), which makes it unlawful for an employer to intentionally discriminate on the basis of race, color, religion, sex, or national origin. La. R.S. § 23:332(A). For purposes of the LEDL, "employer" is defined as "a person, association, legal or commercial entity, the state, or any state

agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee" and who employs twenty or more employees. La. R.S. § 23:302(2).

As with the Title VII inquiry, the parties do not dispute that Plaintiffs were employed by the Library. Rather, the issue is ultimately whether the Board is the proper defendant for suits brought against the Library or whether the Library and the Board can somehow be considered joint employers. Plaintiffs make no allegations suggesting that the Board Members, in their individual capacities, are their employer. Accordingly, Plaintiffs' LEDL claims against the Board Members in their individual capacities are **DISMISSED**. See Pierce v. State, Office of Legislative Auditor, 2007-0230 (La. App. 1 Cir. 2/8/08), 984 So. 2d 61, 68; Dejoie v. Medley, 41,333 (La. App. 2 Cir. 12/20/06), 945 So. 2d 968, 974; Boquet v. Lafourche Par. Sheriff's Office, No. CIV. A. 98-2285, 2000 WL 1510743, at *2 (E.D. La. Oct. 11, 2000). However, for the same reasons announced above with regard to the Title VII claims, the Court will not dismiss Plaintiffs' official capacity claims at this time.

### iii. *La. R.S. § 42:1169*

This Court has previously found that Louisiana's Code of Governmental Ethics Whistleblower Statute, La. R.S. § 42:1169, does not provide an independent cause of action. Record Document 58, p. 12 (citing Collins v. State ex rel. Dep't of Nat. Res., 2012-1031 (La. App. 1 Cir. 5/30/13); 118 So. 3d 43; Goldsby v. Louisiana, et al., 2003-0343 (La. App. 1 Cir. 11/7/03); 861 So. 2d 236). Plaintiffs admit that no such private

right of action exists. Record Document 56, p. 21. Accordingly, Plaintiffs' section 42:1169 claim against the individual Board Members must be **DISMISSED**.

C. Louisiana Civil Code Article 2315

Plaintiffs have represented in a filing to this Court that they make no claim against the Board Members under Louisiana Civil Code article 2315. Record Document 56, p. 26. Accordingly, Plaintiffs' claim under Louisiana Civil Code article 2315 against the Board Members is **DISMISSED**.

D. 42 U.S.C. §§ 1985 and 1986

Plaintiffs allege a claim under 42 U.S.C. § 1985 for civil conspiracy. Record Document 62. Section 1985 has three subsections. Subsection (1) prohibits conspiracy to prevent an official from performing her duty, subsection (2) prohibits conspiracy to obstruct justice or intimidate a party, witness, or juror, and subsection (3) prohibits conspiracy to deprive a person of certain civil rights. Suttles v. United States Post Office, 927 F. Supp. 990, 1000 (S.D. Tex. 1996). It appears that Plaintiffs' claim is alleged under subsection (3). See Record Document 56, p. 18.

In order to state a claim for a conspiracy under § 1985(3), a plaintiff must allege "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States," and (5) that the conspiracy was motivated by some class-based animus. Hilliard v. Ferguson, 30 F.3d 649,

652-53 (5th Cir. 1994).

The Board Members argue that Plaintiffs have failed to plead facts sufficient to claim a constitutional deprivation attributable to the individual Board Members and have failed to allege any facts regarding racial animus on the part of the Board Members.

First, it is unclear whether Plaintiffs intend to allege a § 1985 claim against the Board Members. Plaintiffs' opposition to the current motion to dismiss does not mention § 1985 or § 1986. In the small section of their opposition to Defendants' prior motion to dismiss dedicated to the § 1985 and § 1986 claims, they do not mention any acts of the Board Members, but instead state, "Plaintiffs contend all five named SML employees conspired to remove them from their positions at HSCB and replace them with white personnel." Record Document 56, p. 18. This suggests that the § 1985 claim is reserved for the individual Library employees. Furthermore, the Court reads the Second Amended Complaint to suggest that Plaintiffs bring a claim under § 1986 against the Board Members because they had knowledge and the power to prevent the § 1985 conspiracy by the individual Library employees, but not to actually allege a claim under § 1985 against the Board Members. Accordingly, the Court finds that Plaintiffs have failed to allege a claim against the individual Board Members under § 1985 and any such claim is hereby **DISMISSED**.

Section 1986 is a corollary provision to § 1985, providing a cause of action against a person who has knowledge of a conspiracy under section § 1985 and the power to prevent it, but fails to do so. 42 U.S.C. § 1986. Defendants argue that the absence of a

claim under § 1985 is fatal to any claim under § 1986, and this is generally true. See Galloway v. State of La., 817 F.2d 1154, 1159 n.2 (5th Cir. 1987). However, it appears that Plaintiffs' claim against the Board Members under § 1986 is based on the § 1985 conspiracy by the individual Library employees, and this claim remains pending. Accordingly, dismissal of Plaintiffs' § 1986 claim against the Board Members is not appropriate at this time.

E. 42 U.S.C. § 1983

At the outset, the Court would note its frustration with Plaintiffs' disregard for its previous instruction. The Court instructed Plaintiffs to amend their complaint and specify which causes of action were brought against which defendants and to set forth the specific factual allegations that constitute each claim. Record Document 59. In its minute entry, the Court noted that Plaintiffs appeared to have conceded that certain claims may not be brought against certain defendants, and that certain claims are only intended to be brought against certain defendants. Id. (citing Record Document 56). For example, in an opposition memorandum to the Board Members' motion to dismiss, Plaintiffs stated that they "make no claim against the Board members either in their official or individual capacity based on La. Civil Code Art. 2315 . . . ." Record Document 56, p. 26. This fact is not apparent in reading Plaintiffs' multiple complaints. Accordingly, the Court issued its previous minute entry so that Plaintiffs could clarify which claims were brought against which defendants and so that they might specify which facts alleged in their complaint were intended to form the basis for each of their claims. Plaintiffs instead filed a second

amended complaint that was nearly identical to their first two complaints, but contained additional allegations regarding the Board of Control. Plaintiffs did not make any effort to clarify that certain claims were not brought against certain defendants. Furthermore, the newly amended complaint contains little language connecting Plaintiffs' factual allegations to provisions of law cited in the complaint's opening paragraph. As a result, this Court is forced to speculate as to the theories on which Plaintiffs base their 42 U.S.C. § 1983 claims.

i. *First Amendment*

Plaintiffs appear to assert a § 1983 claim based on a violation of their First Amendment rights against the Board Members as their employer. Record Document 62, pp. 34-35; 56, p. 17. Plaintiffs allege they were retaliated against for filing grievances and complaints. To establish a claim for employment retaliation related to speech, a plaintiff must show: (1) she suffered an adverse employment action; (2) she spoke as a citizen on a matter of public concern; (3) her interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech "precipitated the adverse employment action." Nixon v. City of Houston, 511 F.3d 494, 497 (5th Cir. 2007) (citations omitted). Without addressing the merits of Plaintiffs' claim, the Court would note that Plaintiffs seem to attribute the alleged adverse employment action--the transfer--to multiple individuals.[2] As it relates to the Board, the complaint alleges that the Board of Control "considered the issue," Record Document 62, p. 34, and Plaintiffs also maintain

---

[2] At this stage, the parties have not briefed, and the Court therefore does not address, whether Plaintiffs' transfers qualify as "adverse employment actions."

that the Board of Control is their employer, which implies that the Board may be the final decision-maker regarding Plaintiffs' transfers. Essentially, it is not clear what degree of involvement the Board Members had in the decision to transfer Plaintiffs to new positions within the Library system. With this threshold issue left unclear, the Court will not dismiss Plaintiffs' First Amendment claim at this time.

    ii. *Procedural Due Process*

Plaintiffs also appear to bring a claim under § 1983 based on the denial of procedural due process in violation of their Fourteenth Amendment rights. See Record Document 62, p. 25. Specifically, Plaintiffs allege that confidentiality requirements imposed by the Board violate due process by preventing Plaintiffs from knowing the identity of their accusers and the nature of the allegations against them.[3] Id. Plaintiffs further allege that the Board threatened employees "if they dared to speak of any job related complaints with anyone outside of the Administrative Staff." Id. at 32. The Board Members argue that Plaintiffs have failed to identify the complained of confidentiality requirements. Plaintiffs provide no meaningful response to the Board Members' argument in their opposition memorandum. See Record Document 73.

The Court agrees that Plaintiffs' allegations regarding the Board's "confidentiality requirements" are less than clear. Additionally, "[t]o invoke the benefits of procedural due process, a public employee must first show that he enjoys an entitlement to his job." Hill

---

  [3] The details of this allegation are less than clear. The Court speculates that Plaintiffs believe some persons within the Library system complained to Library management about them (Plaintiffs), and these complaints formed the alleged grounds for Plaintiffs' transfers.

v. Silsbee Indep. Sch. Dist., 103 F.3d 125 (5th Cir. 1996). The Court does not see that Plaintiffs have alleged facts showing a property interest in their prior employment positions. Accordingly, Plaintiffs' due process claim is **DISMISSED**. See Gentilello v. Rege, 627 F.3d 540, 544-45 (5th Cir. 2010).

   iii. *Section 1983 as a Parallel Cause of Action for Plaintiffs' Title VII Claims*

The Fifth Circuit has recognized that Title VII and section 1983 are parallel causes of action. See Lauderdale v. Texas Dep't of Criminal Justice, Institutional Div., 512 F.3d 157, 166 (5th Cir. 2007). To state a claim under section 1983, "'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" James v. Texas Collin Cty., 535 F.3d 365, 373 (5th Cir. 2008) (quoting Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000)). Here, Plaintiffs allege the Board Members violated their rights to equal protection, and the Court assumes that this allegation stems from adverse actions taken allegedly because of Plaintiffs' race. See Record Document 62, p. 32.

Plaintiffs sued the Board Members in both their official and individual capacities. For official capacity suits, a plaintiff is generally required to show that the allegedly unconstitutional action is taken pursuant to an official policy or custom. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). The "official policy" requirement can be met when "the action of the policymaker itself violated a constitutional right." Burge v. Par. of St. Tammany, 187 F.3d 452, 471 (5th Cir. 1999) (citation omitted).

For individual capacity suits, Plaintiffs will be required to show that the Board Members "were either personally involved in the constitutional violations alleged or that their wrongful actions were causally connected to the constitutional deprivation." Salcido v. Univ. of S. Mississippi, 557 F. App'x 289, 292 (5th Cir. 2014) (citing Jones v. Lowndes Cty., Miss., 678 F.3d 344, 349 (5th Cir. 2012)). The Board Members cannot be held liable under § 1983 based solely on a theory of respondeat superior. See id.; Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 550 (5th Cir. 1997).

Here, Plaintiffs allege: (1) the Board is their employer; (2) they were removed from their prior positions within the Library because they were black (and also as punishment for filing grievances and complaints); (3) the Board considered the issue of their transfers; and (4) the Board sets policy and has final decision-making authority. Record Document 62, pp. 24, 26, 31. Once again, the precise role of the Board in the decision to transfer Plaintiffs is less than clear. However, accepting Plaintiffs' facts as true, the Court finds dismissal inappropriate at this time.

F. 42 U.S.C. § 1981

Because Plaintiffs failed to comply with this Court's instruction to clarify their complaint, the basis for their § 1981 claim is unclear. The Court assumes Plaintiffs are asserting § 1981 as a parallel cause of action to Title VII.[4] See Record Document 56, p. 14. As such, the level of authority exercised by the Board and whether it can be considered Plaintiffs' employer will be crucial to future analysis of these claims.

---

[4] Plaintiffs do not address the Board Members challenge to their § 1981 claim in their current opposition to the motion to dismiss. Record Document 73.

The Board Members argue that Plaintiffs' § 1981 claims against them in their official capacities must be dismissed, citing Oden v. Oktibbeha County, Miss., 246 F.3d 458 (5th Cir. 2001). In Oden, a deputy sheriff sued the county and the county sheriff in his official and individual capacities under § 1981 alleging age and race discrimination in employment. Oden, 246 F.3d at 462. The Fifth Circuit explained the Supreme Court's holding in Jett v. Dallas Independent School District, 491 U.S. 701 (1989), that § 1981 does not provide a separate cause of action from § 1983 for suits against local government entities for violations of civil rights protected by § 1981. Id. at 462-63. The Fifth Circuit found that the 1991 amendments to the Civil Rights Act did not affect the holding of Jett and concluded that "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law." Id. at 463. Therefore, the court found that the plaintiff could not maintain an independent cause of action under § 1981 against the county and the county sheriff in his official capacity. Id. at 464.

Here, Plaintiffs have asserted claims under § 1983 and thus their § 1981 claims are not independent. However, to the extent Plaintiffs would seek to bring stand-alone claims under § 1981, such claims are **DISMISSED**. Plaintiffs can pursue their official capacity claims against the Board Members under § 1981 through § 1983. See e.g., Upchurch v. City of Moss Point, No. 1:10CV228-LG-RHW, 2011 WL 5082224, at *4 (S.D. Miss. Oct. 26, 2011). Furthermore, the Court finds that Plaintiffs have not alleged a claim under § 1981 against the Board Members in their individual capacities. See Oden, 246 F.3d at 464; Newsome v. Harris Cty., No. CIV.A. H-12-1938, 2013 WL 285543, at *6 (S.D. Tex. Jan. 24,

2013). Accordingly, these claims are **DISMISSED**.

G. Louisiana Revised Statute § 9:2792.4

Finally, Defendants claim that they are entitled to immunity for Plaintiffs' state law claims under La. R.S. § 9:2792.4. This statute provides, in part:

> A person who serves as a member of a board, commission, or authority of a political subdivision as defined in Subsection A, shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission, or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct.

La. R.S. § 9:2792.4(B). Because the Court sees no remaining state law claims against the Board Members in their individual capacities, the Court does not address this argument.

## III. Conclusion

For the reasons discussed above, the Board Members' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** as to the Title VII claims against the Board Members in their individual capacities, the LEDL claims against the Board Members in their individual capacities, the claims against the Board Members under Louisiana Civil Code article 2315, La. R.S. § 42:1169, 42 U.S.C. §§ 1981 and 1985, and any procedural due process claim under 42 U.S.C. § 1983. These claims are hereby **DISMISSED**. The motion is **DENIED** in all other respects.[5]

---

[5] After this decision, the following claims remain against the Board Members: (1) claims under § 1983, except the procedural due process claim; (2) claims under § 1986; (3) official capacity claims under Title VII; and (4) official capacity claims under the LEDL. Pursuant to this Court's prior ruling, the following claims also remain: Plaintiffs' claims against the individual Library employees under §§ 1983, 1985, and 1986 and

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ____ day of May, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

Louisiana Civil Code article 2315; and Plaintiffs' claims against the Library under Title VII, La. R.S. § 23:332, §§ 1983, 1985, and 1986, and Louisiana Civil Code article 2315.