UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CATHERINE DYAS, ET AL | CIVIL ACTION NO. 16-cv-1607 |
| VERSUS | JUDGE FOOTE |
| CITY OF SHREVEPORT, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

### Introduction

Plaintiffs are employees of the Shreve Memorial Library who filed this civil action against the library and city officials to complain of employment discrimination. Before the court is the Plaintiff's Motion to Compel (Doc. 87), which seeks an order from this court compelling defendant Shreve Memorial Library to produce responses to requests for production and interrogatories. For the reasons that follow, the motion is granted in part and denied in part.

### "Problems" at the Library

In RFP No. 2, Plaintiffs request copies of all investigative reports and summaries thereof prepared by or for library administrators concerning "problems" at the Hamilton South Caddo Branch (HSCB) of the library during the relevant time period. Defendants objected to the request as overly broad, unduly burdensome, vague, and ambiguous. Defendants also asserted that the request sought confidential grievance and investigation documents concerning persons who were not parties to the lawsuit.

In RFP Nos. 4 and 5 (which are almost identical), Plaintiffs request all library intra-office communications addressing "problems" at HSCB and the West Shreveport Branch at any time in the past ten years. Defendants objected to the requests as overly broad, unduly burdensome, vague as to the term "problems," and ambiguous.

In response to these three requests, counsel for Defendants agreed to produce responsive documents subject to a protective order that would require the records to be treated as confidential and not be divulged or used outside of this litigation. Plaintiffs argue that, although they are requesting the documents pursuant to the Federal Rules of Civil Procedure, a protective order for the documents would not be necessary because the documents are subject to the Louisiana Public Records Law, La. R.S. 44:1 et seq, and could be obtained by anyone who requests them pursuant to that law. Plaintiff cites In re Kemp, 32 So.3d 1050, 1054 (La. App. 2d Cir. 2010), which states, "When doubt exists about the right to access certain records, the doubt must be resolved in favor of the public's right to see. A claim of annoyance, embarrassment, oppression, or undue burdens or expense is not enough to overcome the public's right of access to public records."

Defendants respond that grievance records and other records regarding comments or complaints about a particular employee's work-related problems are not subject to mandatory production under the Public Records Law. Defendants cite Trahan v. Larivee, 365 So.2d 294, 299 (La. App. 3d Cir. 1978), in which the court held that performance ratings completed by employee supervisors are protected by the right to privacy where such reports include detailed comments of the rater concerning an employee's personal attitude and attributes. Defendants also cite Brock v. State, Dept. of Environmental Quality, 761

So.2d 713 (La. App. 1st Cir. 2000), in which the court held that grievance records that contained information with the potential to cause embarrassment to various individuals due to the private nature of the concerns raised therein were not subject to disclosure pursuant to a public records request. Defendants argue that there is no reason why complaints or grievances by employees about persons who are not parties to the suit should be given less protection than performance ratings and personal comments. Defendants also point out that protective orders that limit access to non-party personnel records are often granted in cases that do not involve public entities. Soule v. RSC Equipment Rental, Inc., 2012 WL 425166 (E.D. La. 2012).

Plaintiffs' requests for information regarding "problems" at the HSCB is very vague. However, through the briefs, it has become apparent that Plaintiffs are probably seeking only employment-related grievances made by other employees at the library and any investigations that resulted. In any event, the court will limit these requests to information regarding employment-related grievances made by other employees at the library. Grievances of any other nature are not relevant. Defendant is ordered to respond as follows: Defendant shall produce the information in its possession, custody, or control regarding each such grievance during the relevant time period without the need for a protective order, but Defendant shall redact the personal identifiers of the complaining employees or former employees and assign a number to each so that each grievance may be referenced individually. Other information in the employees' personnel files need not be produced.

**Gayla Godfrey Investigation**

In RFP No. 7, Plaintiffs seek production of the directive to, and the final report of, Gayla Godfrey as part of her investigation into the operation of HSCB. Plaintiffs contend that Godfrey investigated alleged improprieties at the branch. As part of the investigation, she interviewed all employees confidentially and prepared a report to send to all interested parties. Plaintiffs allege that Director John Tuggle relied on the report to remove all of the managers at the branch, including the three defendants, from their positions.

Plaintiffs argue that the requested documents are subject to production pursuant to Louisiana Public Records law. Plaintiffs argue that according to Hilbun v. State ex rel Div. of Admin., 745 So.2d 1189 (La. App. 1st Cir. 1999), the Godfrey report does not fall within a statutory exception, and employees interviewed during an investigation have no constitutional right to privacy regarding contents of their interviews. In Hilbun, the plaintiff was an employee for the State of Louisiana, Division of Administration ("DOA") Id. at 1189-90. The DOA contracted with an investigator to explore allegations of improprieties against the plaintiff. The investigator interviewed plaintiff and parties named in the complaint and provided a written report detailing his findings. Id. at 1190. The plaintiff sought disclosure of the report pursuant to public records law. Id. The First Circuit held that although the disclosure of the report would cause those questioned about plaintiff's conduct "discomfort," the facts concerning the daily operation of the DOA are not protected from disclosure because they are not private in nature. Id. The court stated that a Louisiana public employee "has no reason to expect that his or her interviews concerning personnel problems will be kept private." Id. However, the court did note that

private matters contained in the report "may not be disclosable if disclosure would expose the employee to public disgrace or would constitute an unreasonable invasion into a person's seclusion, solitude, or private life." Id.

In their response, Defendants point out that it was counsel for the library who hired the outside investigator, rather than the library itself. Defendants argue that, if they release the report, Plaintiffs may be able to claim that Defendants have waived the attorney-client privilege with respect to any other communications between counsel and the library. Defendants claim that they are willing to produce the protected document if Plaintiffs will stipulate that the production does not constitute a waiver of attorney-client privilege; however, despite maintaining that the report is not protected by attorney-client privilege, Plaintiffs have refused to make such a stipulation.

Defendant is ordered to produce Ms. Godfrey's investigative report without the need of a protective order. The report is highly relevant to the hiring practices and work environment of HSCB, a public institution. Plaintiffs have a substantial need for the information and no other way to obtain it. In fact, it is alleged the report resulted in the removal of certain employees, including Defendants. Defense counsel shall redact the report to remove personal identifiers (except references to Plaintiff and Defendants). Defense counsel's confidential communications with Ms. Godfrey, as well as his confidential communications with his clients, remain protected.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of July, 2019.

Mark L. Hornsby
U.S. Magistrate Judge